UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HAMILTON,

                    Petitioner,                          Case Number 08-13960
v.                                                       Honorable David M. Lawson

NICK J. LUDWICK, Warden,

                    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

The petitioner, Gregory Hamilton, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of first-degree home invasion, carjacking, and interfering with electronic communications in Oakland County, Michigan and sentenced to a term of twenty to sixty years. The petitioner has now filed a motion to hold his petition in abeyance while he litigates eight new claims that he has not raised in his initial petition on a post-conviction motion in state courts. For the reasons stated below, the Court will hold the petition in abeyance and close the case for administrative purposes.

I.

On November 14, 2006, the petitioner was convicted of first-degree home invasion, carjacking, and interfering with electronic communications following the jury trial in Oakland county circuit court. The Michigan Court of Appeals affirmed the petitioner's convictions in an unpublished decision, *People v. Hamilton,* No. 275479 (Mich. Ct. App. Jan. 10, 2008), and on April 28, 2008, the Michigan Supreme Court denied leave to appeal. *See People v. Hamilton*, 480 Mich. 1191, 747 N.W.2d 306 (2008) (table).

On September 15, 2008, the petitioner filed an application for habeas relief, in which he seeks relief on the one claim that he raised in his direct appeal with the Michigan courts. The petitioner has now filed a motion hold the habeas petition in abeyance so that he can return to the Oakland County Circuit Court to present nine new claims in a post-conviction motion for relief from judgment. The petitioner contends that these issues were not raised during his direct appeal due to ineffective assistance of his appellate counsel.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted.

-2-

*Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claim. The petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

Although the petitioner has raised his habeas claims in the trial court, the Michigan Court of Appeals and in the Michigan Supreme Court, he conceded that his new claims have never been raised at the state-court level. The petitioner wants to proceed with the process by which he could exhaust his claims and prepare them for this Court's review. His motion in this Court requests that his habeas petition be stayed in the meantime rather than dismissed.

A dismissal of the action at this time could result in a subsequent habeas petition being

-3-

barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings, provided there is good cause for the failure to exhaust claims and reasonable time limits are imposed.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).   In this case, the Court finds dismissal of the petition may render subsequent petitions in this Court untimely.  *See* 28 U.S.C. § 2244(d)(1).  Mr. Hamilton was sentenced on December 5, 2006, and his conviction became final when the Michigan Supreme Court denied leave to appeal on April 28, 2008.  Mr. Hamilton's petition was filed with the Court on September 15, 2008, although it remains unclear when he signed it.  *See Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001) (holding that under the prison mailbox rule, a prisoner's habeas petition is filed on the date that it was signed and dated).  The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Therefore, Mr. Hamilton would be in danger of exceeding the one-year period under 28 U.S.C. § 2244(d)(1)(A) if his petition were dismissed and he were to refile it once again upon adjudication of his new claims in state courts.

The Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity."  *Id.* at 182-83 (Stevens, J., concurring).  The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition.  *Griffin v. Rogers*, 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *see also Palmer*

-4-

*v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

The Supreme Court has instructed that stay and abeyance is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. The petitioner satisfies all of these requirements. The petitioner states that the claims he seeks to add were not presented as federal constitutional claims in the state courts because his appellate attorney was ineffective. The alleged ineffectiveness of appellate counsel constitutes "good cause" to justify holding a habeas petition in abeyance during the petitioner's return to state court. *Rhines v. Weber*, 408 F. Supp. 2d 844, 848-49 (D.S.D. 2005); *see also Szymanski v. Renico*, No. 05-10241, 2007 WL 1760878, at * 2 (E.D. Mich. June 15, 2007). Moreover, the petitioner's new claims – some of which challenge sufficiency of evidence, violations of the Sixth Amendment right to impartial jury, prosecutorial misconduct, etc. – are not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay.

III.

To avoid injustice, the Court will stay further proceedings in the current action until state courts adjudicate the petitioner's motion under M.C.R. 5.600 *et seq.* However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state

-5-

court remedies, this Court will impose upon the petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer*, 276 F. 3d at 781. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Ibid.* (internal quotation omitted).

Accordingly, it is **ORDERED** that the petitioner's motion to hold habeas petition in abeyance [dkt # 7] is **GRANTED**.

It is further **ORDERED** that the consideration of the petitioner's habeas corpus petition [dkt # 1] is **HELD IN ABEYANCE** pending the exhaustion of the petitioner's new claims in Michigan state courts. The petitioner shall file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one (21) days** thereafter.

It is further **ORDERED** that the respondent's motion to stay the order requiring responsive pleadings by March 31, 2009 pending resolution of the petitioner's motion to hold the petition in abeyance [dkt # 8] is **DENIED as moot.**

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court should **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 31, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on March 31, 2009.

s/Lisa M. Ware
LISA M. WARE